SHEPHERD v. DEITSCH et al.

(Circuit Court of Appeals, Second Circuit. April 2, 1906.)

No. 113.

PATENTS—INFRINGEMENT—BRUSH.

The Shepherd patent, No. 601,405, for a brush having a reticulated back, the openings in which extend between the bristles having the greatest diameter at the rear of the brush "and decreasing in diameter to the face thereof" is limited by the prior art and by the proceedings in the Patent Office to a construction in which the openings so decrease in diameter from the rear to the front of the brush back, and is not infringed by a brush in which the openings are of uniform diameter, except for a bevel at the back extending but a short distance.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from an interlocutory decree adjudging the validity, and infringement by defendants, of complainant's patent, No. 601,405, granted to him March 29, 1898, for a brush, and ordering an injunction and accounting.

For opinion below, see 138 Fed. 83.

J. L. Levy, for appellants.

Arthur v. Briesen, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The object of the patentee was "to overcome the difficulties heretofore found in open-back brushes," and "to produce a strong and efficient" one "at little cost." These difficulties were due to the fact that the openings in the backs of such brushes were customarily so made that "the least material is provided where the bristles are mounted, and where the most strength and material are required," and, therefore, it has been found "impracticable to mount the bristles near the edge of the brush, so that they will project outwardly from a longitudinal median line, as is illustrated in the drawings."

The manner in which the patentee proposed to overcome these difficulties is set forth in a single claim, which is as follows:

"A brush having a reticulated back, the openings in which extend between the bristles, said openings being of the greatest diameter at the rear of the brush and decreasing in diameter to the face thereof whereby the most material is provided at the face or bristle-receiving side of the brush back."

The limited scope of the claimed invention is sufficiently shown by the file wrapper. The application was rejected on references to Maloney patent, No. 557,844, and Ashburner patent, No. 381,749. Thereupon, the applicant made sketches distinguishing his construction from these references, the sketch of the Ashburner brush being practically identical with the construction of the defendants' brush. The claim was again rejected on Maloney, the examiner adding that:

"Whether the openings are of the greatest diameter at the rear of the brush or not is regarded as immaterial but such openings are old as shown by the patent to Osborn. No. 457.007, August 4, 1891, in tooth brushes."

Thereupon, the applicant inserted for the first time the words found in the claim, "whereby the most material is provided at the face or bristle receiving side of the brush back," and said as follows:

"It is not merely a question whether or not openings in the brush back are of the greatest diameter at the rear of the brush back as assumed by the examiner, but the claim likewise defines that the said openings are 'decreasing in diameter to the face thereof' (of the brush back) whereby the most material is provided at the face or bristles receiving side of the brush back where the greatest amount of material is needed in which to support the bristles and where greatest strength is required."

The defendants' brush is provided with longitudinal openings, widened by a bevel at the rear of the brush, which are rectangular from a point commencing above the line of the top of the holes for receiving the bristles, with the result that said openings are not "decreasing in diameter to the face thereof," and the most material is not "provided at the face or bristle receiving side of the brush back," because, barring the bevel at the extreme back, the openings are of the same size, and the same amount of material is provided during their entire length, thus having the same construction as was shown in said Ashburner sketch, filed by the patentee during the pendency of his application. The single technical ground on which infringement is claimed is that the claim may be read to cover any decrease in diameter toward the face of the brush, and, therefore, to cover the bevel at the extreme back of the brush.

But this interpretation ignores the express language of the claim, and the claimed structural results of the diameter of the openings decreasing "to the face," and of the consequently increased material "at the face," whereby the brush is strengthened and the bristles may be projected outwardly. No such result is accomplished by the defendants' brush, wherein there is no departure from the prior art in the direction of the patent, because it is in effect the Ashburner brush, with a negligible or merely ornamental bevel at the rear of the brush back, such as is shown or suggested in various brushes of the prior art, and such as Shepherd had himself shown in his earlier application. Even if it had not been so shown, that fact would be immaterial upon the question of infringement because, as already pointed out, the whole of the bristles are below the bevel and, therefore, the bevel does not extend to a point where it can affect the construction or operation of the brush in any way.

The decree of the court below is reversed, with costs.